**Not For Publication**

<div style="text-align:center">

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| RENE D. EDWARDS,<br><br>    *Plaintiff*,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>    *Defendants*. | Civil Action No. 22-2396<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    *Pro se* Plaintiff Rene D. Edwards brings this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 1.  Plaintiff previously brought a separate action *in forma pauperis*; in that case, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's Amended Complaint.  *Edwards v. Hillman*, Civ. No. 21-20720 (D.N.J. Dec. 27, 2021) at D.E. 9.  However, the Court ordered that Plaintiff's Amended Complaint in that action be filed as a new matter and that Plaintiff be permitted to proceed *in forma pauperis* in the newly docketed matter.  *See id.*  Subsequently, on April 26, 2022, the Amended Complaint was filed as a new Complaint in the present matter.  D.E. 1.  The Court then entered an Opinion and Order ("April 26 Opinion") dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1367(c) in the present matter.  D.E. 3.  The Court provided Plaintiff with leave to file an amended complaint that cured the outlined deficiencies.  *Id.*  Plaintiff filed an Amended Complaint ("AC") on May 9, 2022.  D.E. 4.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler*, 578 F.3d at 210-211 (3d Cir. 2009). A court "must accept all of the complaint's well-pleaded facts as true." *Id.* at 210. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions

disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the AC liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's AC asserts Section 1983 claims for excessive force and failure to provide adequate medical treatment, a *Monell* claim, and tort claims against multiple Lindenwold police officers. The AC remains largely unchanged from Plaintiff's initial Complaint. However, Plaintiff adds allegations against two new Defendants: senior parole officer James Gahn and Mayor Richard Roach, Jr. AC at 2, 5. The AC also contains new allegations against Defendant Michael McCarthy. *Id.* at 2.

As set forth in the April 26 Opinion, the Court previously dismissed Plaintiff's Section 1983 excessive force claim against Defendant Helveston because Plaintiff merely alleged in a conclusory manner that Helveston battered him and did not provide any details as to the nature of the force used, whether Plaintiff was arrested, or why Helveston was at Plaintiff's apartment on the date at issue. April 26 Opinion at 4. The Court also dismissed Plaintiff's claim against Helveston for failure to provide medical care for failure to allege that Plaintiff was placed in custody during the allegedly wrongful attacks. *Id.* at 4-5. Because Plaintiff failed to establish an

3

underlying constitutional violation, Plaintiff's *Monell* claims against the City of Lindenwold were also dismissed. *Id.* at 5. Finally, because the Court lacked subject matter jurisdiction and declined to exercise supplemental jurisdiction over Plaintiff's state claims, Plaintiff's tort claims against multiple Lindenwold police officers were dismissed. *Id.* at 5-6. As noted, the allegations in the AC are nearly identical to those in the Complaint. Thus, Plaintiff fails to cure the deficiencies set forth in the April 26 Opinion, and the claims dismissed therein are again dismissed pursuant to the same reasoning.

The Court next turns to Plaintiff's new allegations against Defendants McCarthy, Gahn, and Roach. Plaintiff's Section 1983 excessive force claim now includes allegations that McCarthy is liable for failure to properly train officers in how to enter a home. AC at 2. Plaintiff's excessive force claim also includes new allegations that Gahn placed him on a program which caused him to be beaten, raped, and permanently injured in violation of his rights because he was "not on parole at all." *Id.* at 2-3.

Section 1983 provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or


territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

A Section 1983 excessive force claim based on the conduct of law enforcement during an arrest arises under the Fourth Amendment's protection against unreasonable seizure of the person. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). "Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force." *Id.* (citing *Edwards v. City of Philadelphia*, 860 F.2d 568, 572 (3d Cir. 1988)). The use of force to effectuate an arrest must be reasonable. *Id.* (citing *Graham*, 490 U.S. at 396). The reasonableness of the officer's use of force, an objective inquiry, depends on the facts and circumstances of each particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004)).

Here, Plaintiff does not allege that McCarthy committed a battery against him, much less provide any detail on the facts and circumstances of the alleged battery. Therefore, Plaintiff has not plausibly plead a Section 1983 excessive force claim against McCarthy. As to his claim against Gahn, Plaintiff also fails to allege that Gahn used any force against him. Thus, Plaintiff's excessive force claim against Gahn likewise fails.

The AC additionally brings new claims against Defendant Roach, Mayor of Lindenwold. Plaintiff first adds Roach to the *Monell* claim brought against the City of Lindenwold. AC at 5. To state a Section 1983 against a municipality, a plaintiff must demonstrate that the violation of rights was caused by a municipal policy or custom. *Monell v. Dept. of Social Servs. on N.Y.C.*,

436 U.S. 658, 691 (1978). To state such a claim, a plaintiff must identify a policy or custom that "violates the Constitution or . . . while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)). Here, Plaintiff's *Monell* claim fails because Plaintiff has not sufficiently alleged that a constitutional wrong occurred. *See Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015) ("In the absence of a constitutional violation, [Defendant] cannot be held liable under § 1983 for failure to train or for acquiescing in an unconstitutional custom."); *see also Nabelsi v. Holmdel Township*, No. 20-20702, 2021 WL 5578851, at *9 (D.N.J. Nov. 30, 2021) (explaining that the plaintiff's "*Monell* claim fails at the threshold because he has not established that his harm was cause by a constitutional violation") (internal quotation and punctuation omitted). Moreover, the AC merely adds Roach's name to the *Monell* claim but does not provide any allegations naming Roach as a participant in the alleged wrongdoing underlying the claim. A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged," and mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). Because Plaintiff has not alleged Roach's personal involvement, his *Monell* claim against Roach constitutes impermissible group pleading and is dismissed for this additional reason. *See D'Addario v. Johnson & Johnson*, No. 19-15627, 2020 WL 3546750, at *6 (D.N.J. June 30, 2020) (dismissing claims for impermissible group pleading because "Plaintiffs' Complaint broadly alleges Defendants' misconduct but fails to allege the conduct for which each defendant is culpable").

Finally, the AC brings additional claims against Roach without specifying the legal basis for the claims. AC at 8. Plaintiff appears to allege that Roach is liable for appointing various workers in the City of Lindenwold, covering up reports of misconduct by Lindenwold police, and failing to remove several Defendants named in this action. *See id.* The Court will construe the AC as bringing supervisory liability and conspiracy claims against Roach. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Factual allegations that suggest "personal direction or of actual knowledge and acquiescence" are sufficient to establish the necessary involvement for a supervisory liability claim. *Id.* Here, Plaintiff does not plausibly plead that Roach personally directed, or had actual knowledge or acquiescence of, the alleged wrongdoing. Accordingly, Plaintiff fails to state a supervisory liability claim.

To prove a civil conspiracy under Section 1983, a plaintiff must show "that two or more co-conspirators reached an agreement for the purpose of depriving constitutional rights under color of state law." *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 646 (D.N.J. 2011). The "linchpin for [Section 1983] conspiracy is agreement, concerted action, without more, cannot suffice to state a conspiracy claim." *Watson v. Sec. Pa. Dept. of Corrections*, 436 F. App'x 131, 137 (3d Cir. 2011) (internal quotations and punctuation omitted). Similarly, to establish a claim for civil conspiracy under New Jersey law, a plaintiff must establish an agreement and the existence of an underlying wrong. *Banco Popular N.A. v. Gandi*, 184 N.J. 161, 177-78 (2005). Here, Plaintiff's conspiracy claim fails because he has not plausibly alleged any agreement between Roach and the other alleged co-conspirators. *See Livingston v. Borough of Edgewood*, 430 F. App'x 172, 178 (3d Cir. 2011) (affirming dismissal of conspiracy claims because plaintiff "proffered neither direct

nor circumstantial evidence sufficient to a reasonable finding of conspiratorial agreement or concerted efforts among the defendants") (internal brackets omitted). Plaintiff's conspiracy claim additionally fails because he fails to allege sufficiently an underlying constitutional violation or tort. *See Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 646 (D.N.J. 2011) (granting summary judgment for civil conspiracy claim under Section 1983 in part because there was no underlying deprivation of constitutional rights); *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 533 (D.N.J. 2011) ("Under New Jersey law, a claim for civil conspiracy cannot survive without a viable underlying tort.").

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). The Court has real concerns about Plaintiff's ability to cure the deficiencies noted herein because Plaintiff has not remedied any of the prior stated shortcomings. As a result, the Court assumes that Plaintiff is unable to remedy the deficiencies. However, because Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with *one* additional opportunity to file an appropriate pleading. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support his claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be

precluded from filing any future suit against any dismissed Defendant concerning the allegations in the pleading.

Accordingly, and for good cause shown,

IT IS on this 26th day of August 2022,

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1367(c); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above.  Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.